[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1766

GEORGE E. LIEBERMAN,

Movant, Appellant,

INDUSTRIAL DISTRIBUTION CORPORATION,

Plaintiff, Appellee,

v.

POLYTOP CORPORATION; GERHARD HUTTER;
WOODROW WILSON; ROBERT HARDING,

Defendants.

_____

No. 00-1827

GEORGE E. LIEBERMAN,

Movant, Appellant,

INDUSTRIAL DISTRIBUTION CORPORATION,

Plaintiff, Appellee,

v.

POLYTOP CORPORATION; GERHARD HUTTER,

Defendants, Appellees,

WOODROW WILSON; ROBERT HARDING,

Defendants.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Torruella, Chief Judge,
Campbell, Senior Circuit Judge,
and Stahl, Circuit Judge.

George E. Lieberman and Tillinghast, Licht, Perkins, Smith
& Cohen on brief for appellant.
Gerhard P. Hutter on brief pro se.

February 21, 2001

**Per Curiam**.  The court has determined that oral argument may be dispensed with in this case.  See Fed. R. App. P. 34(a)(2)(C); 1st Cir. Loc. R. 34(b).  After a thorough review of the record and of the parties' submissions, we find that we do have jurisdiction over this interlocutory appeal, and we reverse the lower court's decision denying appellant George E. Lieberman's ("Lieberman's") motion to withdraw from his representation of his clients, Industrial Distribution Corporation ("IDC") and Gerhard Hutter ("Hutter").

This is an appropriate interlocutory appeal under the collateral order doctrine.  See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).  An order which does not terminate an action by disposing of all rights of the parties nevertheless is reviewable if: 1) the order conclusively resolves an important question 2) which is entirely separate from the merits and 3) if the matter will evade adequate review on appeal.  Id.; United States v. Quintana-Aguayo, 235 F.3d 682, 684 (1st Cir. 2000).  It is clear that the order below conclusively resolved an important question entirely separate from the merits: the question of whether appellee's attorney should be allowed to withdraw.

Furthermore, we find that the matter will evade adequate review on appeal. An order requiring an attorney to continue representing a client in a civil action without compensation may subject the attorney to irreparable harm and amounts to an order of specific performance. See Whiting v. Lacara, 187 F.3d 317 (2d Cir. 1999). We may proceed to the merits.

"The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has abused its discretion." See Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985) (quoting Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982)). We conclude that in this instance, the lower court did abuse its discretion.

Rhode Island District Court Local Rule 4(d) provides that "[t]he Rules of Professional Conduct of the Rhode Island Supreme Court shall be the standard of conduct for all attorneys practicing before this court," and the supreme court rules in turn provide the grounds upon which an attorney may seek leave to withdraw. Those rules in part provide that an attorney may withdraw if:

> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has

-4-

been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists.

R.I. S. Ct. R. 1.17(b)(4) - (6). These factors provide grounds for withdrawal even where withdrawal cannot be accomplished "without material adverse effect on the interests of the client." See R.I. S. Ct. R. 1.17(b) ("[A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, *or* if . . . (4) the client fails substantially . . . .") (emphasis added).

Clearly Hutter has "fail[ed] substantially to fulfill an obligation to [Lieberman] regarding the lawyer's services," R.I. S. Ct. R. 1.17(b)(4), because he has failed to pay Lieberman over $80,000 in fees owed to him, in derogation of their written fee agreement. Before moving to withdraw, Lieberman also gave him sufficient warning that a failure to bring his account up to date would result in his

-5-

withdrawal from the case. Though only three weeks passed between the time the first bill became past due and the time Lieberman moved to withdraw, three additional weeks passed before the district court heard and denied the motion. In that interim, Hutter's private attorney revealed that Hutter had no money to pay Lieberman, and Hutter indicated he had no reasonable prospect of being able to pay him unless the litigation was successful. Also, in previous months Lieberman repeatedly had to remind Hutter to bring the retainer back up to its required balance, so Lieberman's quick action once the first payment became past due seems reasonable.

Thus, withdrawal under the circumstances certainly would have been consistent with the Local Rules. Further, Lieberman faces substantial additional financial exposure should he be required to go forward. Several pretrial matters have yet to be resolved, and the trial itself will last more than a week. Counsel already has expenses that have not been reimbursed, and there may well be additional substantial expenses that will need to be incurred at trial. It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will

be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement. Further, if counsel does not expend the necessary effort and does not front the trial expenses, he very well could expose himself to civil liability to his client. We refuse to place counsel in such a position. Under these circumstances, the lower court abused its discretion in refusing to let Lieberman withdraw.

Furthermore, Hutter was less than forthcoming with Lieberman when he signed the fee agreement. Apparently Hutter knew from the beginning that he would be unable to pay his legal fees if he were not successful in the litigation. It appears that he and his wife expected that as a practical matter, Lieberman's representation of them at some point would evolve into a contingency arrangement, whereby Lieberman was to be paid (if at all) out of the proceeds of the litigation. But that was not the arrangement to which Lieberman agreed. Under these circumstances, fairness dictates that Hutter, not Lieberman, suffer the consequences of his own failure to honor his agreement.

Further, we do not think the decision here should hinge entirely on the assertion that the case was nearly ready for trial. Despite the court's apparent attempts to

-7-

move this case to trial quickly, that goal does not seem to have been realistic. At least one discovery dispute was outstanding; that dispute had been referred to a magistrate judge, who had not set the matter for hearing until approximately two weeks *after* the trial judge had planned to try the case. A partial summary judgment motion was not fully briefed until approximately two weeks before the trial date, and that, too, had been referred to the magistrate judge. Moreover, the opposing party apparently is not pushing to get the matter to trial, as it agreed to a stay of all proceedings pending this appeal. Though certainly a district court should consider the stage of the litigation when deciding an attorney's motion to withdraw, here we find that the timing issues should not have been determinative.

Appellant's motion to strike is denied. Appellee's motion to file reply brief is allowed. The decision of the lower court is reversed, and the case is remanded for further proceedings consistent with this order.