C. Peyton **BARTON**, Jr. et al., Plaintiffs,

v.

**DISTRICT OF COLUMBIA et al., Defendants.**

No. Civ.A. 00–0174(RMU).

United States District Court, District of Columbia.

Aug. 19, 2002.

C. Michael Tarone, John F. Karl, Jr., Mc-Donald & Karl, Washington, DC, for plaintiffs.

Charles B. Barksdale, Washington, DC, for defendants.

## MEMORANDUM OPINION

DENYING IN PART AND GRANTING IN PART PLAINTIFFS' COUNSEL'S MOTION FOR LEAVE TO WITHDRAW AND TO STAY THE PROCEEDINGS; DENYING PLAINTIFF BARTON'S MOTION TO STAY THE PROCEEDINGS

URBINA, District Judge.

### I. INTRODUCTION

This matter comes before the court on plaintiffs' counsel's motion for leave to withdraw and to stay the proceedings and on plaintiff C. Peyton Barton's motion to stay the proceedings. C. Michael Tarone and John F. Karl, Jr. move to withdraw as the plaintiffs' attorneys pursuant to Local Civil Rule 83.6(c) and for a stay of the proceedings pending the outcome of this motion plus an additional 14 days. The attorneys claim that their clients, Mr. Barton and Maine Avenue Seafood, Inc. ("the plaintiffs"), have filed for bankruptcy and cannot pay their legal fees. Mr. Barton also states that he cannot effectively assist his counsel because of a serious

medical condition and filed his own motion for a stay. For the reasons that follow, the court allows plaintiffs' counsel to withdraw but not before filing an opposition to the defendants' motion to dismiss. The court also determines that a stay of the proceedings is not necessary and would unfairly prejudice the defendants. Accordingly, the court denies in part and grants in part plaintiffs' counsel's motion for leave to withdraw and to stay the proceedings, and denies Mr. Barton's motion to stay the proceedings.

### II. BACKGROUND[1]

A commercial tenant, Mr. Barton runs a seafood concession, Maine Avenue Seafood, Inc., out of the Fish Market Building at the Wharf, located at 1100 Maine Avenue, S.W., on the Southwest D.C. waterfront. First Am. Compl. ("Compl.") at 3–4. The United States government owns the Wharf and the District manages the area. *Id.* In 1996, Mr. Barton purchased the assets of Morgan Seafood, a bankrupt concessionaire, resulting in the assignment to him of two lease agreements for a land-based location at the Wharf. Mot. for Prelim.Inj. at 4. Mr. Barton states that the District recognized the assignments. *Id.* The assignments Mr. Barton received were part of a joint lease with other Wharf vendors. Wharf Defs.' Opp'n to Mot. for Prelim.Inj. at 5. Since the joint lease expired in 1996, all of the concessionaires—including the plaintiffs—have operated in their same locations under month-to-month leases. *Id.*

The record in this case exposes a long history of hostility between the parties. In essence, the plaintiffs claim the District "met … with all vendors except Barton" in 1998, excluding them from the negotiations process and creating two classes of vendors at the Wharf: Barton, who is not being awarded a contract, and the four other vendors, who are being awarded contracts. *Id.* at 6. The District defendants contend that "the City did try to negotiate a new lease with Mr. Barton, but he simply refused." District Defs.' Opp'n to Mot for Prelim. Inj. at 6.

---

1. For a more extensive rendition of the case's factual history, see the court's February 28, 2001 ruling denying the plaintiffs' motion for a preliminary injunction. *Barton v. Dist. of Columbia,* 131 F.Supp.2d 236 (D.D.C.2001). Some of the citations in the Background section of this Memorandum Opinion come from the briefs on the plaintiffs' motion for a preliminary injunction.

This case's tricky procedural history began on February 1, 2000, when Mr. Barton and his company, Maine Avenue Seafood, Inc., filed their complaint in this action. Mot. for Prelim.Inj. at 3. The plaintiffs filed an amended complaint on December 22, 2000. The Wharf defendants filed a motion to dismiss on January 17, 2001 and the District defendants filed a motion to dismiss or, in the alternative, for summary judgment on February 14, 2001. The court struck the latter filing because it violated Local Civil Rule 56.1 since it did not contain an adequate statement of material facts not in dispute. Order dated August 14, 2001 (citing LCvR 56.1). The District defendants filed a renewed motion to dismiss or, in the alternative, for summary judgment on September 19, 2001. The plaintiffs did not file an opposition, but instead filed for Chapter 11 bankruptcy on November 9, 2001.

On November 26, 2001, the plaintiffs settled with the Wharf defendants. Stipulation dated Nov. 26, 2001. That same day, the plaintiffs filed a motion to stay the proceedings pending the bankruptcy court's decision. Suggestion of Bankruptcy dated Nov. 9, 2001; Pls.' Mot. for a Stay of Proceedings to Obtain the Bankruptcy Court's Authorization to Proceed as Special Counsel of Pls.'/Debtor Special Counsel.

The U.S. Bankruptcy Court for the District of Columbia dismissed Maine Seafood, Inc.'s Chapter 11 bankruptcy petition on December 28, 2001, and dismissed Mr. Barton's petition on January 29, 2002. District Defs.' Praecipe Regarding Dismissal of Pls.' Two Bankruptcy Actions at 1. On March 1, 2002, Mr. Tarone and Mr. Karl of the law firm McDonald & Karl filed a motion for leave to withdraw as counsel to the plaintiffs because the "plaintiffs are not meeting their obligations to their counsel." Pls.' Counsel's Mot. for Leave to Withdraw and to Stay Proceedings ("Counsel's Mot.") at 2. The attorneys also maintain that a stay of the proceedings is necessary "to permit Mr. Barton sufficient time to obtain counsel, or if he chooses, to represent himself *pro se.*" *Id.* Moreover, they submit that the plaintiffs need additional time to locate a civil rights attorney because of the "complex legal issues" involved in this case. *Id.* The attorneys noted that "Plaintiffs do not consent to this Motion" for leave to withdraw. *Id.* at 1. On March 29, 2002, Mr. Barton himself filed a motion seeking a medical stay until about September 2002, stating that he is unable to "effectively assist his counsel or meet his obligations with his attorneys" because of chronic congestive heart failure, atrial fibrillation, and morbid obesity. Barton's Mot. for a Medical Stay at 1; Supplemental Mem. in Supp. of Counsel's Mot. ("Supplemental Mem.") at 1–2.

The District defendants ("the defendants") oppose plaintiffs' counsel's motion, arguing that counsel did not comply with Local Civil Rule 83.6(c)'s notification requirements. Defs.' Opp'n to Counsel's Mot. at 2 (citing LCvR 83.6(c)). The defendants also argue that such a motion unfairly prejudices them and would cause undue delay. *Id.* at 3–6. Defs.' Opp'n at 2. The court now turns to the attorneys' motion.

## III. ANALYSIS

### A. Counsel for the Plaintiffs May Withdraw After They File an Opposition to the Defendants' Motion to Dismiss

■ Plaintiffs' counsel move for leave to withdraw as counsel pursuant to Local Civil Rule ("Rule") 83.6(c), which states that "if the party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the court...." LCvR 83.6(c). Mr. Tarone and Mr. Karl claim that the plaintiffs filed for Chapter 11 bankruptcy and thus cannot meet their financial obligations to their counsel. Counsel's Mot. at 2. The plaintiffs do not consent to their attorneys' withdrawal. *Id.* at 1. In addition, the defendants oppose plaintiffs' counsel's motion, contending that the plaintiffs' counsel did not give adequate notice of withdrawal to their clients as required by Rule 83.6(c). Defs.' Opp'n at 2. In addition, the defendants note that Rule 83.6(d) permits the trial court to deny withdrawal if it "would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." *Id.* at 3–6 (citing LCvR 83.6(d)).

The court first addresses the defendants' procedural argument regarding Rule 83.6(c)'s notification requirement. The rule states that:

> a motion to withdraw an appearance shall be accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel, or, if the party intends to conduct the case *pro se* or to object to the withdrawal, to so notify the Clerk in writing within five days of service of the motion.

LCvR 83.6(c). The defendant contends that "it is unclear whether Plaintiffs' counsel complied with the Rule ... because Plaintiffs' counsel provided no copy (to undersigned counsel at least) of the notice to Plaintiffs." Defs.' Opp'n at 2. Counsel apparently did comply with Rule 83.6(c)'s notification requirements, however, since the court possesses a copy of the certificate of service, indicating that counsel served a copy of their motion to withdraw on the plaintiffs. Counsel's Mot. at 3. In addition, Mr. Barton's motion indicates that the plaintiffs were fully aware of their attorneys' motion for leave to withdraw. Barton's Mot. for a Medical Stay at 1.

The defendants' substantive argument is more persuasive. First, the defendants correctly point out that the plaintiffs filed their complaint on February 1, 2000—more than two years ago—and that the defendants' "dispositive motion has been pending unopposed for over six (6) months." [2] Defs.' Opp'n at 5. In addition, the defendants properly declare that "any search by Plaintiffs for new counsel ... would take some time" and that "the District Defendants are well within their rights to expect a ruling" on their motion to dismiss. *Id.* at 4–5. This is not a reason to completely deny the motion to withdraw, however, since the attorneys will face "substantial additional financial exposure" if the court requires them to remain on the case. *Lieberman v. Polytop Corp.*, 2 Fed.Appx. 37, 39 (1st Cir.2001) (holding that the lower court abused its discretion in refusing to let the attorney withdraw, since the

client owed more than $80,000 in attorney's fees and "failed substantially to fulfill an obligation to [counsel] regarding the lawyer's services"). For example, if the court denies the defendants' motion to dismiss, counsel would be forced to pay its own expenses and to contribute many billable hours in performing legal work for pretrial and trial-related matters. The First Circuit explained that such a situation could have drastic consequences for an attorney:

> It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum.... Further, if counsel does not expend the necessary effort and does not front the trial expenses, he very well could expose himself to civil liability to his client. We refuse to place counsel in such a position.

*Id.* at 39–40.

Taking into account all the relevant considerations in this case, the court fashions a compromise solution. On the one hand, allowing counsel to withdraw immediately would "unduly delay trial of the case," would be "unfairly prejudicial" to the District defendants, and would not serve the "interests of justice." LCvR 83.6(d). Plaintiffs' counsel has worked on this case for more than two-and-a-half years and has accrued important experience and knowledge in the substantive areas covered by this case. As the defendants observe, finding new counsel would take some time since this is a "document-intensive, somewhat complicated, land-use case." Defs.' Opp'n at 4. In addition, the plaintiffs do not consent to plaintiffs' counsel's motion to withdraw. Counsel's Mot. at 1. On the other hand, the court does not think it fair or wise to keep plaintiffs' counsel on this case for much longer in light of the plaintiffs' inability to pay. As the First Circuit noted, this "simply expects too much of counsel...." *Lieberman,* 2 Fed.Appx. at 39.

Accordingly, the court grants counsel's motion for leave to withdraw in part: counsel

may withdraw only after filing an opposition to the defendants' motion to dismiss. The attorneys have had plenty of time to draft an opposition since the defendants filed the renewed motion to dismiss on September 19, 2001. In addition, plaintiffs' counsel had nearly two months to draft an opposition before the plaintiffs filed for bankruptcy on November 9, 2001, and more than six months after the U.S. Bankruptcy Court dismissed the bankruptcy petitions. Allowing the defendants' motion to languish unopposed while the plaintiffs search for counsel would unduly prejudice the defendants and would constitute an undue delay of the case. LCvR 83.6(d).

Furthermore, the court already determined last October that it would treat the defendants' motion to dismiss or, in the alternative, for summary judgment only as a motion to dismiss. Order dated Oct. 31, 2001. Accordingly, plaintiffs' counsel need not concern itself with any discovery. Plaintiffs' counsel's extensive experience with this case should allow them to draft an opposition to the defendants' motion to dismiss without imposing a substantial burden on them. The court will also give plaintiffs' counsel a generous timetable to file their opposition. Accordingly, plaintiffs' counsel shall file the plaintiffs' opposition to the motion to dismiss by October 11, 2002. The defendants shall file a reply, if they so choose, by November 1, 2002. Finally, after plaintiffs' counsel completes briefing on the motion to dismiss, the court will allow them to withdraw. If any of the plaintiffs' claims survive the defendants' motion to dismiss, the court will give the plaintiffs sufficient time to obtain new counsel or will allow the plaintiffs to proceed *pro se.*

### B. The Court Denies Both Motions for a Stay of the Proceedings

Plaintiffs' counsel also moved to stay proceedings pending the outcome of the motion to withdraw and for an additional 14 days after the court rules on the motion to withdraw. Counsel's Mot. at 1. They assert that a stay is necessary "to permit Mr. Barton sufficient time to obtain counsel, or if he chooses, to represent himself *pro se.*" Id. at 2. Mr. Barton himself also moves for a stay of proceedings based on his medical condition. Barton's Mot. for a Medical Stay at 1.

The D.C. Circuit has explained that a trial court has "broad discretion in granting or denying stays so as to 'coordinate the business of the court efficiently and sensibly.'" *McSurely v. McClellan,* 426 F.2d 664, 671 (D.C.Cir.1970) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). "This discretion, however, may be abused 'by a stay of indefinite duration in the absence of a pressing need.'" *Id.* The party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Dellinger v. Mitchell,* 442 F.2d 782, 786 (D.C.Cir. 1971) (quoting *Landis,* 299 U.S. at 255, 57 S.Ct. 163). The trial court's inherent power to stay proceedings calls for "an exercise of judgment" in which it must "weigh competing interests" of itself, counsel, and the litigants involved. *Id.* n. 7 (quoting *Landis,* 299 U.S. at 254–55, 57 S.Ct. 163).

■ The court determines that granting a stay would be unfair to the defendants and would unnecessarily delay a case that has trudged along for more than two-and-a-half years without even passing the motion to dismiss stage. LCvR 83.6(d). Plaintiff's counsel have not "made out a clear case of hardship or inequity," especially since they had several opportunities to file an opposition to the defendants' motion to dismiss. *Dellinger,* 442 F.2d at 786. Since the court is requiring plaintiffs' counsel to file an opposition before withdrawing, there is no "pressing need" to stay the proceedings at this point, especially since Mr. Barton himself only asks for a stay until September 2002. Barton's Mot. for a Medical Stay at 1. While the court sympathizes with Mr. Barton's medical condition, the court has given the plaintiffs ample time in which to file an opposition. *Id.* In sum, the court refuses to delay this case any longer and denies plaintiffs' counsel's and Mr. Barton's motions for a stay of the proceedings.

## IV. CONCLUSION

For all these reasons, the court denies in part and grants in part plaintiffs' counsel's motion for leave to withdraw and to stay the proceedings. The court also denies Mr. Barton's motion to stay the proceedings. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this _____ day of August, 2002.