Aritha F. BYRD, Plaintiff

v.

**DISTRICT OF COLUMBIA, Defendant.**

No. CIV.A. 02–1870(RMU).

United States District Court,
District of Columbia.

June 30, 2003.

Holly Michelle Johnson, Office of Corporation Counsel, Washington, DC, for Defendant.

Alan Lescht, Washington, DC, for Plaintiff.

## MEMORANDUM OPINION

### VACATING THE COURT'S PRIOR RULING AND DENYING COUNSEL'S MOTION TO WITHDRAW WITHOUT PREJUDICE

URBINA, District Judge.

## I. INTRODUCTION

This employment-discrimination matter comes before the court upon the court's reconsideration of its May 22, 2003 ruling, which granted the plaintiff's counsel's motion to withdraw from the case. The court based its ruling primarily on the plaintiff's failure to oppose her counsel's motion before the applicable filing deadline. After its ruling, the court was notified that the plaintiff had written to her counsel to oppose his motion but had failed to file that letter of opposition with the court. As a result, the court now reconsiders its ruling *sua sponte* in light of the plaintiff's opposition. Because the relevant factors weigh against withdrawal and the plaintiff's coun-

sel fails to present good cause for withdrawal, the court vacates its prior ruling and denies counsel's motion to withdraw from the case without prejudice. Thus, the plaintiff's counsel must continue his representation of the plaintiff notwithstanding good cause for terminating that representation down the road.

## II. BACKGROUND

On September 24, 2002, the plaintiff filed a complaint against her employer ("the defendant") alleging violations of the Americans with Disabilities Act, demanding a jury trial, and seeking damages. Compl. at 3–4. Specifically, the plaintiff alleges that the defendant discriminated against her because of her back ailments and that the defendant ultimately discharged her based on that condition and in retaliation for her complaints concerning the alleged discrimination. *Id.* at 2–3. After securing leave from the court, the defendant late-filed its answer on December 2, 2002.

 At the initial status hearing held on April 10, 2003, the court set several deadlines, including the discovery cut-off date of August 11, 2003, and referred the matter to a magistrate judge for settlement discussions commencing on July 16, 2003. Order dated Apr. 10, 2003; Minute Entry dated Apr. 10, 2003. Almost one month later, on May 14, 2003, the plaintiff's counsel filed his motion to withdraw from the case.[1] Having received no opposition from the plaintiff within the five-day deadline set by Local Civil Rule 83.6(c), the court granted counsel's motion to withdraw on May 22, 2003.[2] LCvR 83.6(c); Order dated May 22, 2003. In the interim, however,

---

1. In filing his motion to withdraw, the plaintiff's counsel properly served notice of his motion on the plaintiff in accordance with Local Civil Rule 83.6(c). LCvR 83.6(c). Counsel also certifies that he served a copy of his motion on the defendant and that the

defendant consents to counsel's withdrawal from the case. Mot. at 1.

2. In its order, the court directed the plaintiff to "notify the court by [ ] May 30, 2003 as to whether she will obtain other counsel or conduct the case *pro se.*" *Id.*

the plaintiff mailed her opposition dated May 16, 2003 to her counsel but did not file it with the court. Opp'n at 2. Upon being notified of the plaintiff's opposition, the court obtained a copy of the plaintiff's opposition and directed the Clerk of the court to file it as part of the record.[3] Now that the court has received the plaintiff's opposition, it reconsiders its ruling of May 22, 2003 and resolves counsel's motion to withdraw on its merits, rather than on procedural grounds.

## III. ANALYSIS

### A. Legal Standard for a Motion to Withdraw

As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client. *Streetman v. Lynaugh,* 674 F.Supp. 229, 234 (E.D.Tex.1987) (citations omitted). The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court. *Whiting v. Lacara,* 187 F.3d 317, 320 (2nd Cir.1999) (citing *Fleming v. Harris,* 39 F.3d 905, 908 (8th Cir.1994) and *Washington v. Sherwin Real Estate, Inc.* 694 F.2d 1081, 1087 (7th Cir.1982)). When ruling on a motion to withdraw, courts may consider the disruptive impact that the withdrawal will have on the prosecution of the case. *Whiting,* 187 F.3d at 320; *Brown v. Nat'l Survival Games,* 1994 WL 660533, at *3, 1994 U.S. Dist. LEXIS 16572, at *9–10 (N.D.N.Y. Nov. 18, 1994) (citing *Goldsmith v. Pyra-*

*mid Communications, Inc.* 362 F.Supp. 694, 696 (S.D.N.Y.1973)).

Additionally, Local Civil Rule 83.6(d) guides the court's ruling on an attorney's motion to withdraw. LCvR 83.6(d). The rule provides that "[t]he court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." *Id.* In reaching its ruling, the court also may consider factors such as the length of time the case and dispositive motions have been pending, the time it would take for the unrepresented party to search for and secure new legal representation, and the degree of financial burden that counsel would suffer if the court required him to remain in the case. *Barton v. District of Columbia,* 209 F.R.D. 274, 277–78 (D.D.C.2002).

### B. The Court Denies Counsel's Motion to Withdraw

The plaintiff opposes her counsel's motion to withdraw without going into much detail as to the grounds for her opposition other than stating that counsel has not provided any reasons for his requested withdrawal. Opp'n at 1. Counsel ultimately provides the reasons for his withdrawal in his reply, namely that the plaintiff has not paid his fees, that his withdrawal will not prejudice the plaintiff, that the parties have not scheduled any depositions, and that the court has not set a trial date.[4] Reply at 1. The court now

---

**3.** Because the plaintiff presents her challenge to counsel's motion in a *pro se* capacity, the court affords her more latitude to correct defects in the filing of her pleadings than it would were she represented by counsel. *Moore v. Agency for Int'l Dev.* 994 F.2d 874, 876 (D.C.Cir.1993); *Cobell v. Norton,* 213 F.R.D. 43, at 46 (D.D.C.2003) (presuming that the plaintiff intends to proceed *pro se* because no other counsel had entered an appearance on the plaintiff's behalf). Thus, although the court did not receive the plaintiff's opposition

in a timely manner under Local Civil Rule 83.6(c), the court will nonetheless factor into its analysis the points raised by the plaintiff in her opposition. *Id.*

**4.** The court notes that the plaintiff's counsel raises these arguments for the first time in his reply, thus effectively denying the plaintiff an opportunity to contest these points. In such a situation, usually the court either disregards the new arguments or grants the plaintiff leave to file a sur-reply. *Ben–Kotel v. Howard*

considers the relevant factors guiding its ruling on counsel's motion to withdraw.

### 1. Undue Delay

As noted, the court may deny counsel's motion if his withdrawal would unduly delay trial of the case. LCvR 83.6(d). The court must also ensure that counsel's withdrawal would not disrupt prosecution of the case. *Whiting*, 187 F.3d at 320; *Brown*, 1994 WL 660533, at *3, 1994 U.S. Dist. LEXIS 16572, at *9–10; *Goldsmith*, 362 F.Supp. at 696.

In a recent case involving circumstances similar to those in the instant case, this court refused to allow counsel to immediately withdraw from the case. *Barton*, 209 F.R.D. at 277. The court reasoned that allowing counsel's immediate withdrawal would unduly delay trial of the case because it had been pending for over two years when counsel sought withdrawal and the search for new counsel would take some time. *Id.*

Here, the case has been pending for almost a year and the deadline for both parties to complete discovery is almost one month away. Order dated April 10, 2003. Moreover, the parties have a settlement conference before a magistrate judge in approximately two weeks. Minute Entry dated Apr. 10, 2003. Thus, to allow counsel's withdrawal from the case at this sensitive stage would bring the litigation to a grinding halt and force the postponement of important deadlines to afford the plaintiff sufficient time to prepare her case *pro se* or until she retains new counsel. *Barton*, 209 F.R.D. at 277. The granting of counsel's motion would therefore undoubt-edly result in undue delay and disrupt the plaintiff's prosecution of the action. LCvR 83.6(d); *Whiting*, 187 F.3d at 320; *Barton*, 209 F.R.D. at 277.; *Brown*, 1994 WL 660533, at *1, 1994 U.S. Dist. LEXIS 16572, at *9–10; *Goldsmith*, 362 F.Supp. at 696. Accordingly, this factor weighs against withdrawal.

### 2. Prejudice to Any Party

Looking at the next factor, the court may deny counsel's motion to withdraw if withdrawal would be "unfairly prejudicial to any party." LCvR 83.6(d). Here, granting counsel's motion either will force the plaintiff to prepare her case *pro se* for the upcoming settlement conference and the brief remainder of the discovery period or scramble to find new counsel to represent her during those proceedings. Accordingly, it would be difficult for the court to allow counsel to withdraw at this juncture without unfairly prejudicing the plaintiff in her prosecution of the case especially given the fastly approaching settlement conference and discovery deadline.[5] LCvR 83.6(d); *see also Barton*, 209 F.R.D. at 278 (conditioning withdrawal on counsel's completion and filing of his client's opposition brief to a pending dispositive motion). Therefore, this factor also weighs against withdrawal.

### 3. Financial Burden on Counsel

Finally, the court considers the resulting financial burden on counsel if he were to continue representing the plaintiff in this matter. *Barton*, 209 F.R.D. at 277–78. In *Barton*, the court ultimately allowed counsel to withdraw, reasoning in part that it was not "fair or wise to keep plaintiff's

---

*Univ.*, 319 F.3d 532, 536 (D.C.Cir.2003) (citing *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C.2001)). However, because counsel's new arguments do not present a basis for withdrawal, the plaintiff is not prejudiced by the court addressing those arguments as part of its analysis.

5. The court reiterates that apparently no depositions have taken place at this stage even though the discovery period is set to close shortly. Reply at 1. Thus, to prepare her case for trial, the plaintiff must presumably take full advantage of the discovery process while it is still available to her.

counsel on this case for much longer in light of the plaintiff's inability to pay." *Id.* Along the same line of reasoning, some courts have allowed withdrawal where the client has substantially failed to fulfill an obligation owed to his counsel.[6] *E.g., Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.,* 310 F.3d 537, 539 (7th Cir.2002) (holding that a lower court abused its discretion by denying an attorney's motion to withdraw where the clients owed more than $470,000.00 in legal fees). On the other hand, some courts have held that nonpayment of fees alone is insufficient cause for withdrawal. *E.g., Rophaiel v. Alken Murray Corp.,* 1996 WL 306457 (S.D.N.Y.1996) (quoting *In re Meyers,* 120 B.R. 751, 752 (Bankr.S.D.N.Y.1990)).

■ The case at bar, however, does not fit the contours of either line of precedent because here, counsel has agreed to represent the plaintiff on a contingency basis. *Haines v. Liggett Group, Inc.,* 814 F.Supp. 414, 427 (D.N.J.1993) (drawing the distinction between a contingency-fee agreement and a regular fee agreement for purposes of withdrawal); Reply at. 1. Therefore, counsel's claim that he needs to withdraw from the case because the plaintiff has not paid his fees does not present a plausible justification favoring withdrawal. *Haines,* 814 F.Supp. at 426–27 (explaining that where there is a contingency-fee agreement, withdrawal is not permissible on the basis that the client failed to pay legal fees).

Presumably because of the contingency-fee arrangement, the record does not demonstrate that the plaintiff has substantially failed to fulfill financial obligations to her counsel regarding his legal services. *Haines,* 814 F.Supp. at 426–27. Nor can the court conclude that counsel's continued representation of the plaintiff will place any unreasonable or unanticipated financial burden on him. *Id.* Most significantly, counsel fails to provide the court with any explanation as to why his continued representation of the plaintiff would cause him such a heightened degree of financial harm that would necessitate his withdrawal from the matter. Thus, the court's consideration of this factor also weighs against withdrawal.

## IV. CONCLUSION

For the foregoing reasons, the court vacates its prior ruling granting counsel's motion to withdraw and now denies that motion without prejudice.[7] An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 30th day of June 2003.

---

**6.** The applicable Restatement and Model Rule provide, *inter alia,* that a lawyer may withdraw from representation if the client substantially fails to fulfill an obligation to his counsel regarding counsel's services and has been given reasonable warning that counsel will withdraw unless the obligation is fulfilled or the representation will result in an unreasonable financial burden on counsel. Restatement Of The Law Governing Lawyers § 32 (2000); Model Rules Of Prof'l Conduct R. 1.16 (2002). The District of Columbia Rules of Professional Conduct essentially mirror the Restatement and Model Rule on this point. D.C. Rules Of Prof'l Conduct R. 1.16 (2003). Courts should be mindful that they may not rely on rules of professional responsibility as the sole basis for granting a motion to withdraw. *Whiting,* 187 F.3d at 321 (citing *Armstrong v. McAlpin,* 625 F.2d 433, 446 n. 26 (2d Cir.1980), *vacated on other grounds,* 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981); *Joseph Brenner Assocs. v. Starmaker Entm't, Inc.,* 82 F.3d 55, 57 (2d Cir.1996)). Nonetheless, courts may seek guidance from such rules in determining whether there is good cause to grant counsel leave to withdraw. *Id.*

**7.** The plaintiff's counsel may renew his motion to withdraw from the case if circumstances should change as the case progresses such that the relevant factors weigh in favor of withdrawal.

### *ORDER*

#### Vacating The Court's Prior Ruling And Denying Counsel's Motion To Withdraw Without Prejudice

For the reasons stated in the court's Memorandum Opinion separately and contemporaneously issued this 30th day of June 2003, it is hereby

**ORDERED** that the court's May 22, 2003 ruling is **VACATED**; and it is

**FURTHER ORDERED** that the plaintiff's counsel's motion to withdraw is **DENIED** without prejudice.

**SO ORDERED.**