UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXIAN BROTHERS MEDICAL
CENTER, *et al.*,

          Plaintiffs,

          v.

KATHLEEN SEBELIUS, *in her official
capacity as Secretary of the United States
Department of Health and Human Services*,

          Defendant.

Civil Action No. 14-cv-0166 (BAH)
Judge Beryl A. Howell

## MEMORANDUM AND ORDER

The plaintiffs, sixty-five hospital providers, brought the instant suit seeking judicial review of an adverse decision by the Provider Reimbursement Review Board, the administrative forum for Medicare providers to appeal determinations by Medicare administrative contractors, that denied Medicare reimbursements to the plaintiffs. *See* Compl. ¶ 1, ECF No. 1. After filing the complaint in this action on behalf of the plaintiffs, plaintiffs' counsel, Duane Morris, LLP ("Duane Morris") now seeks to withdraw its representation before serving the complaint on the defendant. *See* Mot. Withdraw ¶¶ 1–3, ECF No. 5. According to Duane Morris, its representation of the plaintiffs in this suit was limited "to fil[ing] a Complaint on behalf of the Plaintiffs solely to preserve their rights to seek judicial review while they sought to engage other counsel." *Id.* ¶ 2. At the request of plaintiffs' counsel, the Court stayed this action for sixty days to provide the plaintiffs the opportunity to obtain successor counsel. *See* May 22, 2014 Minute Order. The stay was lifted on July 22, 2014, without an appearance by successor counsel. *See* July 22, 2014 Minute Order. Under D.D.C. local rule 83.6(c), a party that "intends to . . . object

to the withdrawal . . . [must] so notify the Clerk in writing within seven days of service of the motion." LCvR 83.6(c). Fifteen plaintiff hospital providers filed their objection with the Clerk of the Court out of time. *See* Pl.'s Objection by Baptist Health Servs., ECF No. 9 (dated July 17, 2014); Pl.'s Objection by O'Connor Hosp., Robert F. Kennedy Med. Ctr., St. Francis Med. Ctr., Seton Med. Ctr., ECF No. 10 (dated July 24, 2014); Pl.'s Objection by Trinity Mother Frances Health Sys., ECF No. 11 (dated July 18, 2014); Pl.'s Objection by Memorial Hermann Hosp. Sys., ECF No. 12 (dated July 25, 2014); Pl.'s Objection by St. Paul Med. Ctr., Zale Lipshy Univ. Hosp., ECF No. 13 (dated July 29, 2014); Pl.'s Objection by Robert Wood Johnson Univ. Hosp., ECF No. 14 (dated July 30, 2014); Pl.'s Objection by Cooper Health Sys., ECF No. 15 (dated July 30, 2014); Pl.'s Objection by Parkland Health & Hosp. Sys., ECF No. 16 (dated July 30, 2014); Pl.'s Objection by Catholic Health Partners, ECF No. 17 (dated July 30, 2014); Pl.'s Objection by Texoma Med. Ctr., ECF No. 20 (dated July 30, 2014); Pl.'s Objection by Texas Health Res., ECF No. 21 (dated July 30, 2014); Pl.'s Reply and Objection by Parkland Health & Hosp. Sys., ECF No. 22 (dated August 7, 2014). To date, no successor counsel has made an appearance. For the reasons provided below, the Court shall stay this case to provide plaintiffs one final opportunity to obtain successor counsel.

## LEGAL STANDARD

"As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client." *Laster v. District of Columbia*, 460 F. Supp. 2d 111, 113 (D.D.C. 2006) (citation omitted); *see also Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003) (same). Under LCvR 83.6(c), "if a party's written consent is not obtained, or if the party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the court upon motion by the attorney

served upon all parties to the case." "The Court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." LCvR 83.6(d). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court." *Laster*, 460 F. Supp. 2d at 113 (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)). The Court may also consider other factors, such as the length of time the case has been pending, the time it would take for the party to secure successor counsel, and the "degree of financial burden that counsel would suffer if the court required him to remain in the case." *Byrd*, 271 F. Supp. 2d at 176 (citing *Barton v. District of Columbia,* 209 F.R.D. 274, 277–78 (D.D.C. 2002)).

## DISCUSSION

The plaintiffs object to Duane Morris' motion on the basis that withdrawal will be unfairly prejudicial under D.D.C. Local Rule 83.6 for two reasons. First, plaintiffs object that they will be prejudiced if counsel is permitted to withdraw because Duane Morris was "instrumental" in the underlying administrative appeal that plaintiffs are challenging, and, consequently, it would be "virtually impossible" for plaintiffs to engage counsel "given the late stage of the proceedings." *See, e.g.*, Pl.'s Objection by Baptist Health Servs. at 1–2; Pl.'s Objection by O'Connor Hosp., Robert F. Kennedy Med. Ctr., St. Francis Med. Ctr., Seton Med. Ctr. at 2. The plaintiffs argue that Duane Morris is uniquely and "intimately" familiar with the subject matter of this action. *See, e.g.*, Pl.'s Objection by Baptist Health Servs. at 1–2; Pl.'s Objection by Memorial Hermann Hosp. Sys. at 2. The plaintiffs further contend that granting the withdrawal motion would undermine plaintiffs' expectation that they would be represented by Duane Morris. *See, e.g.*, Pl.'s Objection by Baptist Health Servs. at 2; Pl.'s Objection by Memorial Hermann Hosp. Sys. at 2. Several of the plaintiffs point to a statement each hospital

3

provider signed that "further bolster[ed] [plaintiffs'] impression that Duane Morris would be counsel of record for the case at present."  Pl.'s Objection by Texas Health Res. at 2.  This statement authorized Duane Morris "in collaboration with CampbellWilson, LLP [a healthcare consultant that represented the plaintiffs in the administrative proceedings], to file a lawsuit in the United States District Court to perfect" their rights to appeal the underlying decision by the Provider Reimbursement Review Board.  *See, e.g.*, Pl.'s Objection by Baptist Health Servs. at 2; Pl.'s Objection by Memorial Hermann Hosp. Sys. at 2; *see also* Duane Morris LLP's Response Objection Letters ("Resp. Pl.'s Objections") ¶ 3.b., ECF No. 18.

Second, in light of the difficulty of securing new counsel for the collective group, the plaintiffs would be prejudiced because withdrawal of counsel would necessitate dismissal of this case.  As the Court noted in its May 22, 2014 Minute Order, corporate entities are not permitted to appear *pro se* and, therefore, absent counsel, this action will be dismissed.  *McDaniel v. U.S.C.I.A.*, No. 08-2244, 2008 WL 5423259, at *1 (D.D.C. Dec. 30, 2008) (dismissing claims filed by *pro se* corporation because "only individuals, not corporations or other legal entities, may proceed pro se" (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993))); *Lennon v. McClory*, 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998) ("A corporation cannot represent itself and cannot appear *pro se*. It must be represented by counsel or it will be treated as not having appeared at all, and default judgment may be entered against it.").  Consequently, granting counsel's motion to withdraw and dismissing the instant suit would thereby compel each provider to proceed individually which would lead to "significant legal expenses" and "exponentially increase the Courts [sic] docket . . . ."  Pl.'s Objection by Baptist Health Servs. at 2; *see also* Pl.'s Objection by O'Connor Hosp., Robert F. Kennedy Med. Ctr.,

St. Francis Med. Ctr., Seton Med. Ctr. at 2; Pl.'s Objection by Trinity Mother Frances Health Sys. at 1; Pl.'s Objection by Memorial Hermann Hosp. Sys. at 2.

Notwithstanding plaintiffs' significant concerns of undue prejudice, Duane Morris has indicated that they were not retained to represent the plaintiffs in this action. Resp. Pl.'s Objections ¶ 3(c). Although the plaintiff hospital providers signed an authorization permitting CampbellWilson, the plaintiffs' healthcare consultant, to retain Duane Morris, this authorization cannot and does not create a binding agreement between the plaintiffs and Duane Morris. Pl.'s Objection by Robert Wood Johnson Univ. Hosp. Ex. 3 ("Authorization Agreement"). The agreement states that CampbellWilson "will shortly be taking the final step [of the administrative review appeal process], which is filing a lawsuit," and informing the plaintiffs that "CW is not a law firm, and therefore will be engaging DM [Duane Morris] to represent the participants in this matter in the upcoming legal proceedings." *Id.* The letter further "request[s] that each participant in this matter sign this document authorizing CW to retain DM to represent the participant's interests in the ensuing court proceedings." *Id.* In short, although the statement authorizes CampbellWilson to retain Duane Morris, it does not compel CampbellWilson to do so. In response, Duane Morris has represented that, contrary to CampbellWilson's stated intent to retain Duane Morris, "[u]ltimately, Duane Morris was not engaged" to litigate the suit. Resp. Pl.'s Objections ¶ 3(c). The plaintiffs may not, on the basis of the signed authorization, oblige Duane Morris to litigate a suit, at significant expense, without any expectation of compensation for its services.

As the First Circuit noted, "[i]t simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it . . . ." *Lieberman v. Polytop Corp.,* 2 Fed. App'x. 37,

5

39 (1st Cir. 2001) (cited in *Barton*, 209 F.R.D. at 277). This Court has held that "an attorney should not be in a position where he or she has not been paid, and yet must continue to work for the client at his or her own expense." *Honda Power Equip. Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003). Litigating a suit of this complexity, with a sizable number of plaintiffs, is a significant endeavor, particularly where counsel has no retainer agreement in place and cannot therefore guarantee that it will be remunerated for its services. Under these circumstances, "[a]n order requiring an attorney to continue representing a client in a civil action without compensation may subject the attorney to irreparable harm and amounts to an order of specific performance." *Lieberman,* 2 Fed. App'x. at 38–39 (citing *Whiting v. Lacara,* 187 F.3d 317 (2d Cir.1999)). The plaintiffs' objections to the withdrawal of Duane Morris as counsel of record are severely undercut by the fact that no plaintiff has retained this law firm to ensure its continued participation in this litigation.

Nevertheless, in balancing the prejudice to the plaintiffs and Duane Morris' representation that they are not retained as counsel in this suit, the Court is "not now prepared to grant the pending motion for withdrawal in the absence of the entry of the appearance of new counsel" without granting the plaintiffs one final opportunity to locate successor counsel or to retain Duane Morris. *SEC v. Bankers Alliance Corp.*, No. 95-0428, 1995 WL 322760 (D.D.C. Apr. 7, 1995) (declining to grant defense counsel's motion to withdraw where defendants objected and "require[d] immediate representation" and directing the defendants to locate and retain new counsel). Accordingly, it is hereby

**ORDERED** that this action is STAYED until September 4, 2014, on which date, if no counsel has entered an appearance on behalf of the plaintiffs or if plaintiffs' counsel has not

withdrawn its motion, counsel's motion to withdraw shall be granted and this case shall be dismissed; and it is further

**ORDERED** that plaintiffs' counsel of record, Duane Morris, LLP, shall serve upon each of the plaintiffs a copy of this Order.

**SO ORDERED**.

**DATED:** August 12, 2014

_____
BERYL A. HOWELL
United States District Judge