673 N.W.2d 102 (2004)
TAYLOR BOARD OF EDUCATION, Plaintiff/Counterdefendant-Appellant,
v.
SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 26M, Defendant/Counterplaintiff-Appellee.
Docket No. 123937, COA No. 241872.
Supreme Court of Michigan.
January 16, 2004.
On order of the Court, the application for leave to appeal the February 14, 2003 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MICHAEL F. CAVANAGH, J., concurs and states as follows:
I concur in the order denying leave to appeal. The school board argues that the arbitrator exceeded his authority under the collective bargaining agreement, but he did not. The award was well within the authority conveyed by articles 18-20 of the collective bargaining agreement.
The real issue in this caseargued by neither partyis whether a school board is permitted, through the collective bargaining process, to give away to an arbitrator the authority to decide whether the board will employ a school custodian whom the board is satisfied threatened to blow up a school and who maintains a collection of used sanitary products obtained from school restrooms.
The central functions of Michigan's public schools have a constitutional dimension that can be traced from Const. 1963, art. 8, § 1 all the way back, through Michigan's three other constitutions, to Article III of the Northwest Ordinance of 1787. Likewise, MCL 380.10 states that a "safe and positive environment" is to be maintained in Michigan's public schools.
In the present case, neither party argues that a Michigan public school board must reserve to itself the authority to dismiss an employee who threatens the physical safety of the students, and so there is no occasion in this case to resolve such a question.
WEAVER and MARKMAN, JJ., concur in the statement of MICHAEL F. CAVANAGH, J.