673 N.W.2d 100 (2004)
TOWN & COUNTRY APARTMENTS, Petitioner-Appellant,
v.
CITY OF WIXOM, Respondent-Appellee.
Docket No. 123759, COA No. 238471.
Supreme Court of Michigan.
January 16, 2004.
On order of the Court, the application for leave to appeal the April 8, 2003 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
CORRIGAN, C.J., concurs and states as follows:
I concur with this Court's decision to deny petitioner's application for leave to *101 appeal, but write separately to articulate my rationale for concurring.
Petitioner blatantly and repeatedly disregarded the Michigan Tax Tribunal (MTT)'s orders to file a valuation disclosure in connection with a tax assessment dispute. Petitioner was twice ordered to provide the MTT with a valuation disclosure and each time failed to comply with the tribunal's directives. Petitioner's only response was to request extensions of deadlines. Eventually, the MTT entered a default order against petitioner, but allowed petitioner another twenty days to file a disclosure and set aside the default. Again, petitioner failed to provide the MTT with the valuation; again, petitioner's response was a request for more time. The MTT granted petitioner's request, and ordered petitioner to file the valuation within fourteen days. Petitioner failed to comply yet again. In light of these events, the MTT's dismissal of petitioner's case was entirely justified.
As it turns out, petitioner's underlying argument that the assessment was improper was later vindicated by our decision in WPW Acquisition Co. v. City of Troy, 466 Mich. 117, 643 N.W.2d 564 (2002). Had the petitioner chosen to comply with the MTT's orders to file a valuation disclosure or, alternatively, requested that the MTT abey this case pending final appellate resolution of WPW, petitioner would likely have realized significant tax savings.
Instead, however, petitioner chose to ignore the MTT's orders. Having so chosen, petitioner must now suffer the accompanying consequence of dismissal of its case. In affirming the dismissal of the case by the MTT, the Court of Appeals correctly observed that "the dismissal was brought upon petitioner by its own hand...." Unpublished opinion per curiam, issued April 8, 2003, p. 21. To provide petitioner any relief would create an intolerable incentive to disobey a tribunal's orders.
MICHAEL F. CAVANAGH, J., dissents and states as follows:
I dissent. I believe it is unfair and unreasonable to dismiss petitioner's claims and then not allow an appeal from that dismissal because petitioner did not file a valuation that was unnecessary and would have cost petitioner between $5,000 and $10,000. It is one thing to say that the Michigan Tax Tribunal was right to dismiss the case because petitioner failed to comply with a tribunal order, but it is another to say that the tribunal can order petitioner to incur substantial, irrelevant costs and petitioner loses if it does not incur those costs. This is especially true when it is clear that petitioner would win on the merits under WPW Acquisition Co. v. City of Troy, 466 Mich. 117, 643 N.W.2d 564 (2002). I would reverse the decision of the Court of Appeals and remand this case to the Michigan Tax Tribunal for further proceedings.
MARILYN J. KELLY, J., joins the statement of MICHAEL F. CAVANAGH, J.
WEAVER, J., would remand the case to the Tax Tribunal.