RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0001p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PENNSYLVANIA and ILLINOIS
NATIONAL INSURANCE COMPANY,
              *Plaintiffs-Appellees,*

       *v.*

ALTICOR, INC., AMWAY CORPORATION, and
QUIXTAR, INC.,
              *Defendants-Appellants.*

No. 05-2479

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 05-00015—Richard A. Enslen, District Judge.

Decided and Filed: January 3, 2007

Before: GILMAN and GRIFFIN, Circuit Judges; GWIN, District Judge.[*]

---

### ORDER ON REHEARING

---

       GRIFFIN, Circuit Judge. Both plaintiffs-appellees, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, and Illinois National Insurance Company (collectively "National Union") are represented by the law firm of Plunkett & Cooney, P.C. ("Plunkett"). All three defendants-appellants, Alticor, Inc., Amway Corporation, and Quixtar, Inc., are represented by the law firm of Wilson Young PLC ("Wilson").

       Attorney John Egan was employed by plaintiff National Union's law firm, Plunkett, from September 2003 into July 2006. During that time, Egan represented this same plaintiff in this very case, and in other insurance-coverage cases involving defendant Alticor. Egan spent 40% of his billable time representing the present plaintiff in insurance-coverage disputes against defendant Alticor. Egan participated in depositions, document production and strategy sessions, and he drafted pleadings, motions, briefs, and reports for this plaintiff. In this very action, Egan drafted plaintiff's complaint for declaratory judgment and the Rule 26 initial disclosures. In July 2006, Egan left the employ of Plunkett and became an associate with defendants' law firm, Wilson.

       National Union moved to disqualify the Wilson firm from representing Alticor. National Union's motion proceeds on the theory of imputed disqualification, under which an attorney's

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

conflict of interest may be imputed to his law firm under certain circumstances. Specifically, National Union relied on two Michigan Rules of Professional Conduct ("MRPC"), MRPC 1.9 ("Conflict of Interest: Former Client") and MRPC 1.10 ("Imputed Disqualification: General Rule").

By memorandum order dated October 18, 2006, we granted National Union's motion and disqualified the Wilson firm from representing defendants-appellants on this appeal. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Penn., et al. v. Alticor, Inc., et al.*, 466 F.3d 456 (6th Cir. Oct. 18, 2006). For the reasons that follow, we grant rehearing and vacate in part our October 18, 2006, order. On rehearing, we grant National Union's motion to disqualify the Wilson firm on a different ground.

In our October 18, 2006, order, we first relied on MRPC 1.9, which provides, in part,

(a) A lawyer [Egan] who has formerly represented a client in a matter [plaintiff National Union] shall not thereafter represent another person [defendant Alticor] in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

(b) Unless the former client consents after consultation, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated has previously represented a client.

MRPC 1.9(a) and (b). We concluded that MRPC 1.9(a) applied here, because Egan *himself* formerly represented National Union in this very matter. (We also concluded that MRPC 1.9(b) did not apply because, by its terms, it governs situations where the lawyer's former firm – but not the lawyer himself – represented the now-opposing party.) We reasoned that, because National Union refused to consent to Egan representing defendants, MRPC 1.9(a) prohibited Egan himself from representing defendants.

We then considered whether Egan's new firm, Wilson, must suffer imputed disqualification, even though Egan is not personally counsel for Alticor in this matter. We concluded that MRPC 1.10 squarely governed the instant situation. At that time, MRPC 1.10(a) provided, in its entirety,

(a) *While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules* 1.7, 1.8(c), *1.9(a)* or (c), or 2.2.

Former MRPC 1.10(a) (emphasis added). We ended our inquiry there, stating:

As discussed above, MRPC 1.9(a) prohibits Egan from representing Alticor or the other defendants-appellants against his former client National Union in this same matter. Therefore, MRPC 1.10(a) states without qualification that no lawyer in Egan's new firm may represent Alticor or the other defendants-appellants against National Union in this matter. Under these circumstances, Wilson Young cannot avoid imputed disqualification by "screening" Egan from this matter, no matter how diligently. *See generally*, *Manning*, 849 F.2d at 226-27.

Therefore, we GRANT plaintiffs-appellees' motion to disqualify the law firm of Wilson Young PLC from representing defendants-appellants in this matter.

*National Union*, 466 F.3d at 459. We also cancelled oral argument on the merits of the appeal, which had been scheduled for November 1, 2006.

By order dated November 14, 2006, however, the Michigan Supreme Court amended MRPC 1.10(a), effective immediately. The amendment makes clear that the instant situation is governed by MRPC 1.10(b), not by MRPC 1.9(a) and MRPC 1.10(a).

The new MRPC 1.10(a) reads as follows, with new text underlined:

(a)        While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9(a) or (c), or 2.2. <u>If a lawyer leaves a firm and becomes associated with another firm, MRPC 1.10(b) governs whether the new firm is imputedly disqualified because of the newly hired lawyer's prior services in or association with the lawyer's former law firm.</u>

Thus, we are obligated to apply MRPC 1.10(b) to rule on National Union's motion to disqualify. *See In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005) ("In applying state law, we anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court.") (citing *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001)).

In turn, MRPC 1.10(b), which has not been amended, provides as follows:

(b)        When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, is disqualified under Rule 1.9(b), unless:

> (1)        the disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom; and
>
> (2)        *written notice is promptly given to the appropriate tribunal to enable it to ascertain compliance with the provisions of this rule.*

MRPC 1.10(b) (emphasis added).

Defendants-appellants' counsel, Wilson Young PLC, never notified this court in writing of attorney John Egan's change in employment and former representation of National Union as required by MRPC 1.10(b)(2). That failure requires Wilson's disqualification. *See Town & Country Apts. v. City of Wixom*, No. 238471, 2003 WL 1861113, at *4 (Mich. App. Apr. 8, 2003) (per curiam) (affirming the Michigan Tax Tribunal's disqualification of petitioner's counsel because, *inter alia*, "there was no evidence that petitioner provided written notice to the MTT concerning the issue of a conflict of interest as required by MRPC 1.10(b)(2)"), *app. denied*, 673 N.W.2d 100, *recon. denied*, 683 N.W.2d 141 (Mich. 2004) (table); *Cobb Pub., Inc. v. Hearst Corp.*, 891 F. Supp. 388, 389 (E.D. Mich. 1995) (denying reconsideration of disqualification of defendants' law firm where, *inter alia*, defense counsel "had violated MRPC 1.10(b)(2), in failing to provide the required *prompt* written notice of Cohen's hiring to [the district judge], to whom this case was originally assigned, to enable him to ascertain compliance with the provisions of this rule. Thus, for a period of two weeks after Cohen had been working at [defense counsel's firm], encompassing a date when [the district judge] held a hearing . . . , the Court was unaware of Cohen's change of employment, and therefore unable to carry out its function of ascertaining whether MRPC 1.10(b), had been complied with by [defense counsel's firm].") (emphasis added).

Accordingly, we grant National Union's motion to disqualify the law firm of Wilson Young PLC from representing defendants-appellants in this appeal. Alticor and the other defendants-appellants must secure new counsel. Defendants-appellants should notify this court in writing when

they have secured new counsel; this court will then schedule oral argument on the merits of the appeal, allowing a suitable time for new counsel to familiarize themselves with the case.

It is so ordered.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

———————————————————
Clerk