RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0111p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DOUGLAS C. BRANDON,

*Plaintiff-Appellee,*

v.

No. 08-5355

RICHARD JONATHAN BLECH,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 99-00479—Jennifer B. Coffman, Chief District Judge.

Submitted: March 3, 2009

Decided and Filed: March 24, 2009

Before: NORRIS, COOK, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Jonathan E. Rich, PROSKAUER ROSE, Los Angeles, California, for
Appellant.

_____

**OPINION**

_____

COOK, Circuit Judge. Proskauer Rose LLP ("Proskauer") represents Richard Blech
in a civil suit. Proskauer sought overdue legal fees from Blech, who refused to pay, and
Proskauer moved to withdraw as his counsel. The district court denied Proskauer's motion,
effectively compelling the firm to continue its representation without compensation.
Proskauer appealed and we reverse, holding that the district court abused its discretion.

I.

Richard Blech and Douglas Brandon participated in a securities fraud scheme. Blech pleaded guilty to his role, served his sentence, and returned home to France. Brandon, on the other hand, stood trial with other coconspirators and was convicted. He then sued Blech, who he blames as the but-for cause of his criminal culpability.

Blech retained Proskauer as counsel in the civil case. The parties stayed the case in February 2004 because Brandon intended to pursue the civil action only if his criminal appeal succeeded.[1] On November 28, 2007, Proskauer sought overdue legal fees from Blech and advised him that if he did not pay, he would violate his fee agreement and prompt Proskauer to withdraw from the representation. Blech refused and Proskauer moved to withdraw on December 21, 2007. The district court denied the motion, noting only that withdrawal would leave Blech without counsel. Proskauer asks us to reverse.

II.

As an initial matter, appellate jurisdiction relies on the collateral-order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). That doctrine confers jurisdiction on interlocutory orders that: (1) conclusively determine a disputed question; (2) resolve an important issue apart from the merits of the action; and (3) are effectively unreviewable on appeal from a final judgment. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988); *United States v. Green*, 532 F.3d 538, 541 n.1 (6th Cir. 2008). An order compelling an attorney to continue work without compensation is just the sort of order the doctrine contemplates: it conclusively determined the withdrawal question, is unrelated to the merits, cannot be rectified after a final judgment, and may impose significant hardship. *See Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Insur. Co.*, 310 F.3d 537, 539 (7th Cir. 2002); *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999).

---

[1] The Second Circuit affirmed Brandon's conviction on April 23, 2008, *United States v. Rittweger*, 274 F. App'x 78 (2d Cir. 2008), but his counsel has not dismissed the civil case. The case remains stayed while Brandon petitions the Second Circuit for rehearing.

III.

We review the denial of a motion to withdraw for abuse of discretion. *See United States v. Mack*, 258 F.3d 548, 555–56 (6th Cir. 2001). And although attorney withdrawal issues are committed to the court's discretion, the pertinent local and ethical rules speak with a permissive tone:

> At any other time, an attorney of record *may* withdraw from a case only under the following circumstances: . . . .
>
> (b) The attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal . . . .

E. & W.D. Ky. LR 83.6 (emphasis added).

> [A] lawyer *may* withdraw from representing a client if:
> . . .
> (5)  the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

MODEL RULES OF PROF'L CONDUCT R. 1.16(b) (emphasis added). In fact, every circuit to take up the issue of withdrawal for failure to pay fees has looked to the rules governing professional conduct for guidance. *See Fidelity*, 310 F.3d at 540; *Rivera-Domenech v. Calvesbert Law Offices PSC*, 402 F.3d 246, 248 (1st Cir. 2005); *Whiting*, 187 F.3d at 321–23 (2d Cir. 1999). And while these rules stop short of guaranteeing a right to withdraw, they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied.

Proskauer satisfied the criteria for withdrawal under each set of rules. The firm warned Blech that it would withdraw if he did not pay, and his refusal—undoubtedly a substantial failure "to fulfill an obligation to the lawyer"—supplied good cause for withdrawal under both the Model and Local rules. But surprisingly, the court's order acknowledged neither the Model rules—which this circuit embraces for guidance on

attorney matters, *See Nat'l Union Fire Ins. Co. v. Alticor, Inc.*, 466 F.3d 456, 457 (6th Cir. 2006), *vacated in part on other grounds*, 472 F.3d 436 (6th Cir. 2007)—nor its own Local rules.

There are, of course, several occasions when a district court ought to prohibit counsel from withdrawing. For example, attorneys may forfeit the right to withdraw when they engage in strategically-timed or coercive behavior, like waiting until a client is "over a barrel" before demanding payment. *See Fidelity*, 310 F.3d at 540. To avoid such tactics, Model Rule 1.16(b)(5) requires counsel to give "reasonable warning." But Proskauer gave reasonable notice—over three weeks—and did not coerce in any regard; the case remained inactive, with no impending deadlines. *See Silva v. Perkins Mach. Co.*, 622 A.2d 443, 444 (R.I. 1993) (permitting withdrawal because the "case is clearly in the noncritical stage—the case has not yet proceeded beyond discovery").

Likewise, a district court may forbid withdrawal if it would work severe prejudice on the client or third parties. *See Fidelity*, 310 F.3d at 541. But neither party identified any prejudice—no one opposed Proskauer's motion, either before the district court or on appeal. And while the district court correctly noted that withdrawal would leave Blech without counsel, this does not amount to severe prejudice. The case remained inactive, with no imminent deadlines and ample time for Blech to retain new counsel.

The low risk of prejudice contrasts with weighty policy reasons to allow withdrawal. As other circuits recognize, compelling attorneys to continue representing clients who refuse to pay imposes a severe burden:

> It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement.

*Rivera-Domenech*, 402 F.3d at 249; *see also Fidelity*, 310 F.3d at 541 (reversing the district court's denial of a motion to withdraw as an abuse of discretion). Here, where

the district court identified no countervailing prejudicial concerns, the court abused its discretion in denying Proskauer's motion to withdraw.

IV.

We reverse the district court's order denying Proskauer's motion to withdraw.