NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0741n.06

No. 08-2534

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Nov 17, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JO ROBIN DAVIS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| JANEL SYKES; DERWIN SYKES, Involuntary Plaintiff, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF |
| Plaintiffs, | ) | MICHIGAN |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM FIRE & CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: MOORE and KETHLEDGE, Circuit Judges; and BERTELSMAN, District Judge.[*]

KETHLEDGE, Circuit Judge. Jo Robin Davis, attorney for Plaintiff Janel Sykes, appeals the district court's denial of her motion to withdraw as counsel and her motion to reconsider. We reverse.

I.

Davis represents Sykes in a house-fire insurance dispute with State Farm Fire & Casualty Company ("State Farm"), filed in September 2007 and later removed to federal court. After several depositions—including two with testimony suggesting that Sykes had set the fire

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

deliberately—Davis moved to withdraw as counsel, stating that "[t]here has been a gradual and now irreconcilable breakdown of the attorney-client relationship in this matter and good cause exists for withdrawal of counsel." Davis gave notice of her motion to Sykes, who took no position on it. State Farm said it did not oppose withdrawal so long as it could complete discovery. At that point, trial was six months away.

The district court denied Davis's motion. It explained that, "[a]t this advanced stage of the litigation, withdrawal would materially and adversely affect" Sykes. Davis filed a motion for reconsideration emphasizing that her request was not "made lightly" and that she had good cause for withdrawal, but that the attorney-client privilege prevented her from elaborating on it. She added that "continued representation of Plaintiff would be adverse to Plaintiff's interests." The district court denied that motion as well, "[f]or the reasons stated in its previous Order[.]"

This appeal followed.

## II.

Our jurisdiction to hear this appeal derives from the collateral-order doctrine, which confers jurisdiction on interlocutory orders that "(1) conclusively determine a disputed question; (2) resolve an important issue apart from the merits of the action; and (3) are effectively unreviewable on appeal from a final judgment." *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009) (citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988)). Davis's motion satisfies this test. *See Brandon*, 560 F.3d at 537 (order denying attorney's withdrawal motion "conclusively determined the withdrawal question, is unrelated to the merits, cannot be rectified after a final judgment, and may impose significant hardship").

No. 08-2534
*Sykes v. State Farm Fire & Casualty Co.*

We review the denial of a motion to withdraw for an abuse of discretion. *Id.* Davis argues that the trial court erred when it failed to credit her representations that, under the Michigan Rules of Professional Conduct, she had good cause to withdraw. Michigan Rule of Professional Conduct 1.16(b) provides, in part:

> [A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (2) the client has used the lawyer's services to perpetrate a crime or fraud;
> (3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent; [or]
>     . . .
> (6) other good cause for withdrawal exists.

The requirements for withdrawal are met here. According to her representations to this court—which we accept—Davis is in an impossible position. Simply stated, she cannot advocate Sykes's interests without violating the Michigan Rules of Professional Conduct—including, apparently, Rule 3.3(a), which bars a lawyer from knowingly offering "evidence the lawyer knows to be false." Other ethical rules loom in the headlights here as well. And Davis acted promptly upon realizing her dilemma; trial was six months away when she filed her motion.

Davis should be permitted to withdraw. We reverse the order denying Davis's motion, and remand with instructions to grant the motion.