NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2058
_____

ERIE MOLDED PLASTICS, INC.

v.

NOGAH, LLC

John J. Richardson, Esq.* and Dinsmore & Shohl, LLP*,
Appellants

*(Pursuant to 12(a) Fed. R. A. P.)

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-11-cv-00239)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2013

Before:  RENDELL, AMBRO, and VANASKIE, Circuit Judges

(Opinion filed: March 26, 2013)

_____

OPINION
_____

AMBRO, Circuit Judge

Nogah LLC ("Nogah") retained John J. Richardson and Dinsmore & Shohl LLP (jointly and severally, "Richardson") to represent it in a breach-of-warranty lawsuit filed by Erie Molded Plastics, Inc. ("Erie"). Shortly thereafter, Richardson moved to withdraw as Nogah's counsel, citing lack of payment. The District Court denied Richardson's motion with prejudice, and held that Richardson may not withdraw from the case unless substitute counsel enters an appearance or Nogah accepts a voluntary judgment. Richardson appealed.[1] We reverse with instructions to grant Richardson's withdrawal.

**I.**

In November 2011, Richardson filed on behalf of Nogah an answer and affirmative defenses to Erie's complaint, and also asserted counterclaims against Erie. Additionally, Richardson participated in a Federal Rule of Civil Procedure 26(f) conference with Erie's counsel and made the required Rule 26(a) disclosures. Less than four months into Richardson's representation, Nogah had an outstanding balance in excess of $5,000 for fees and expenses owed to Richardson. Despite repeated requests from Richardson, Nogah failed to satisfy its financial obligations. Additionally, Nogah advised Richardson that it no longer had the resources necessary to fund any future litigation in the underlying suit, as it would be going out of business.

Richardson provided notice to Nogah via correspondence, dated March 7, 2012 and March 12, 2012, of his intention to file a motion to withdraw as counsel. Richardson moved to withdraw on March 14, 2012, pursuant to Local Rule 83.2(C)(4) and

_____

[1]There is no Appellee in this matter, as Erie and Nogah take no position before us. Indeed, both litigants have opted not to file a brief.

2

Pennsylvania Rule of Professional Conduct 1.16(a)(5).[2]  Richardson's motion informed

the Court that Nogah had advised him that it (1) will not be able to pay the fees owed, (2)

no longer had the resources necessary to fund any future litigation in this matter, and (3)

will be going out of business.

On March 26, 2012, the District Court denied Richardson's motion with prejudice.

The Court explained: "It has been the law for the better part of two centuries that a

corporation may appear in the federal courts only through licensed counsel."  App. at 3

(citation omitted).  As a result, the Court then held that "[c]ounsel may not withdraw

from the case without substitute counsel entering an appearance or without [Nogah]

taking a voluntary judgment."  *Id.*  Richardson timely appealed.[3]

## II.

The District Court had diversity jurisdiction over this matter under 28 U.S.C.

§ 1332.  We have "jurisdiction of appeals from all *final decisions* of the district courts of

---

[2]Although Richardson moved in the District Court, and again on appeal, pursuant to Rule 1.16(a)(5), no such rule exists; Rule 1.16(b)(5) is the appropriate rule.

[3] Our consideration of appellate jurisdiction is limited to orders denying motions for leave to withdraw in civil cases.  We express no views as to whether appellate jurisdiction exists for orders granting withdrawal motions in civil cases or orders concerning withdrawal in criminal cases.
  Furthermore, although we held in *United States v. Bertoli*, 994 F.2d 1002 (3d Cir. 1993), that an order requiring unwilling counsel to provide unpaid, standby legal services to a former client was not an appealable collateral order, that does not apply here.  While there may be some parallels between the *Bertoli* order and the order before us, in *Bertoli* we were concerned with the fair and speedy disposition of criminal cases and the disruption caused by counsel taking an interlocutory appeal.  By contrast, here we conclude the issue of denying withdrawal is so clearly severable from the underlying civil litigation that an interlocutory appeal would not foster the risks of disruption that would counsel against appellate review.

the United States" pursuant to 28 U.S.C. § 1291. *In re Mushroom Direct Purchaser Antitrust Litig.*, 655 F.3d 158, 163 (3d Cir. 2011) (citation and emphasis omitted). The collateral order doctrine—first announced in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)—provides that there is a "small class" of collateral rulings that, although they do not terminate the litigation, are appropriately deemed "final" under § 1291. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). That small class comprises decisions that (1) conclusively determine the disputed issue, (2) resolve important issues separate from the merits, and (3) are effectively unreviewable on appeal from the final judgment in the underlying action. *See Bacher v. Allstate Ins. Co.*, 211 F.3d 52, 53 (3d Cir. 2000).

We have jurisdiction under the collateral order doctrine. First, the District Court's ruling is conclusive on the issue before us because it held, with prejudice, that Richardson is prohibited from withdrawing as counsel unless (1) substitute counsel enters an appearance or (2) Nogah accepts a voluntary judgment. *See Fidelity Nat'l Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002). Second, whether Richardson must continue representing Nogah is an important issue that is unrelated to the merits of the underlying breach-of-contract action. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). Finally, the ruling Richardson appeals is, as a practical matter, unable to be remedied if an error is determined in a post-judgment appeal. It would then be too late to redress the harm Richardson seeks to avoid. *See Rivera-Domenech v. Calvesbert Law Offices PSC*, 402 F.3d 246, 249 (1st Cir. 2005).

4

## III.

We review a district court's denial of a request by counsel to withdraw from representation for abuse of discretion. *Ohntrup v. Firearms Center Inc.*, 802 F.2d 676, 679 (3d Cir. 1986). For the reasons that follow, we believe that threshold was met here.

As a general rule, if a corporation appears in federal court, it may do so only through licensed counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). Recognizing this rule, in *Ohntrup* we "conclude[d] that a law firm is entitled to withdraw once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned." *Ohntrup*, 802 F.2d at 680.

To repeat, the District Court held that Richardson can only withdraw if (1) substitute counsel enters an appearance or (2) Nogah accepts a voluntary judgment. That decision runs counter to our holding in *Ohntrup*, as Richardson is entitled to withdraw once his appearance continues to serve no meaningful purpose.

Applying that rule here, Nogah engaged Richardson, did not pay for his services, told him it could not do so in the future, it was going out of business, no judgment has been entered against it, and neither Erie nor Nogah opposes Richardson's motion to withdraw at this time. If Richardson were permitted to withdraw, one of two events would happen: (1) Nogah would be forced to retain new licensed counsel, or (2) if Nogah failed to retain substitute counsel, it would be subject to default judgment, because it can only appear in federal court through licensed counsel.

5

If Nogah retained new counsel, Erie's civil suit would proceed through the District Court as initially planned. Thus, Erie would suffer no harm or prejudice if Nogah retains substitute counsel. If Nogah failed to retain substitute counsel and default judgment were entered against it, resolution of the case would be expedited, as opposed to delayed, and Erie would secure a judgment in its favor. Again, this result would not prejudice Erie.

We also note that this case differs from *Ohntrup*, where we determined that the District Court did not abuse its discretion in refusing to allow counsel to withdraw. There an opposing party had obtained a favorable judgment against the defendant, and due to communication barriers between the parties (the defendant corporation was located in Turkey), the Court found that active representation by counsel to the foreign defendant was necessary to allow the opposing party to obtain satisfaction of its judgment. *Ohntrup*, 802 F.2d 679. Here there is no judgment and no indication that communication problems would prevent Erie from obtaining satisfaction of a default judgment if one were entered. Moreover, there is no suggestion that Erie's interests would be prejudiced by Richardson's withdrawal.

It is with this background that no meaningful purpose is served by forcing Richardson to remain in this case. We thus reverse the District Court's denial of Richardson's Motion to Withdraw as Counsel, and order that counsel be permitted to withdraw.

6