NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0335n.06

No. 14-2614

**FILED**
May 07, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| MADISON KING; MATT STEWARD, next friend of K.S.; TOM KOSTEN, next friend of D.K.; JOHN DOE, next friend of Jane Doe, <br><br>     Plaintiffs-Appellees, <br><br> v. <br><br> CHAD CURTIS, <br><br>     Defendant, <br><br> and <br><br> LAKEWOOD PUBLIC SCHOOLS; LAKEWOOD PUBLIC SCHOOLS BOARD OF EDUCATION; UNKNOWN PART(Y)(IES), named as James Roes 1-10, <br><br>     Defendants-Appellees, <br><br> WARNER NORCROSS & JUDD, LLP, <br><br>     Interested Party-Appellant. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN <br><br> OPINION |

**BEFORE:** **SILER, COOK, and STRANCH, Circuit Judges.**

JANE B. STRANCH, Circuit Judge. The firm representing defendant Chad Curtis, Warner Norcross & Judd, LLP, filed a motion in district court seeking to withdraw as counsel soon after Curtis indicated that he would not pay the firm for its services. A magistrate judge denied the motion, and the district court denied Warner Norcross's objections to the magistrate's

order. This interlocutory appeal raises a single issue: whether the district court abused its discretion by upholding the denial of Warner Norcross's motion to withdraw. Because the rules of professional conduct permit withdrawal under these circumstances, and withdrawal will not result in severe prejudice to any party in the proceedings, we find that the district court's order was an abuse of its discretion. We therefore REVERSE the district court's order denying Warner Norcross's objections to the magistrate judge's order and REMAND the case to the district court for further proceedings.

## I. BACKGROUND

In April 2014, Plaintiffs filed this case alleging that Curtis sexually assaulted them while they were students at Lakewood High School and he was a substitute teacher working in the school's weight room. Before the complaint was filed, a jury had convicted Curtis of six charges of criminal sexual conduct involving Plaintiffs, and he is now serving a 7 to 15 year sentence. In this related civil case, Plaintiffs allege battery and intentional infliction of emotional distress against Curtis, a Title IX claim against defendant Lakewood Public Schools and defendant Lakewood Schools Board of Education, and a claim for the violation of Plaintiffs' constitutional rights under 42 U.S.C. § 1983 against Lakewood Public Schools, Lakewood Public Schools Board of Education, and several administrators (collectively the "Lakewood Defendants").

Curtis retained Warner Norcross to represent him in the litigation. Warner Norcross answered the complaint, attended the initial case scheduling conference, and served Curtis's initial disclosures. Discovery began in July 2014 and Rule 26(a) disclosures were completed in September 2014. A July 2014 case management order set forth deadlines for various components of the litigation, and included a November 20, 2014 deadline for requesting a pre-motion conference, which the district court routinely requires before the filing of any dispositive

motion.  In anticipation of preparing a motion for summary judgment, the Lakewood Defendants noticed Plaintiffs' depositions with time to spare before the November deadline.

On September 25, 2014, Curtis met with Warner Norcross and indicated that he would not pay Warner Norcross's fees.  Warner Norcross avers that it then discussed with Curtis the potential consequences of choosing to proceed pro se.  On October 8, 2014, Curtis notified Warner Norcross that he would represent himself, and in a subsequent submission to the court, Curtis indicated that he had "discharged [his] lawyers."  R. 54-1, PageID 247.

On October 15, 2014, Curtis (through Warner Norcross) filed a Motion to Adjourn Depositions and Reset Deadlines and for Withdrawal of Counsel, which the court referred to the magistrate judge in accord with 28 U.S.C. § 636(b)(1)(A).  Plaintiffs filed a response to the motion consenting to the substitution of Warner Norcross with other counsel, but opposing Warner Norcross's withdrawal if it would result in Curtis proceeding pro se.  The response argued that Plaintiffs would be severely prejudiced and irreparably harmed if Curtis were to conduct his own discovery and participate in the girls' depositions because they would face "the very strong likelihood of further traumatization and intimidation" from Curtis.  The Lakewood Defendants took no position on the withdrawal of Warner Norcross, except to the extent that the withdrawal would require altering the court's July case management order.  The magistrate judge noticed the motion for a hearing on November 7, 2014.

During October, Plaintiffs and the Lakewood Defendants were engaged in an ongoing dispute over the scheduling of Plaintiffs' depositions, which led Plaintiffs to file a motion to quash the deposition subpoenas the Lakewood Defendants had served on them, adjourn the depositions, for a protective order, and for sanctions against the Lakewood Defendants.  The

Lakewood Defendants in turn filed a motion to compel discovery and for sanctions against Plaintiffs.

The magistrate judge considered all three motions at the November 7 hearing, then on November 17, 2014 entered an order (1) indicating that Plaintiffs' depositions would be completed by January 15, 2015, (2) extending the pre-motion conference request deadline to February 7, 2015, (3) denying sanctions, and (4) denying Warner Norcross's request to withdraw as Curtis's counsel without prejudice to its ability to renew the motion following a decision on the Lakewood Defendants' anticipated dispositive motion. The following day, Plaintiffs requested a pre-motion conference, proposing a motion for partial summary judgment against Defendant Curtis on the issue of liability. Warner Norcross, still representing Curtis, filed a response in opposition to Plaintiffs' request.

On November 25, Warner Norcross filed objections to the magistrate judge's order denying it leave to withdraw as Curtis's counsel, and a motion for expedited determination, both of which the district court denied. This interlocutory appeal followed. Warner Norcross subsequently filed a motion to stay the litigation pending the result of its appeal, which the district court denied. A panel of this court, however, reversed the district court and granted a stay pending this court's resolution of the merits of Warner Norcross's motion to withdraw.

Plaintiffs opted not to file a brief in this appeal, and the Lakewood Defendants' brief expressed no opinion on the motion to withdraw, but argued that the district court acted within its discretion in denying Warner Norcross's motion.

## II.  ANALYSIS

**A.  Jurisdiction over the Interlocutory Appeal and Standard of Review**

This court has jurisdiction over interlocutory orders that "(1) conclusively determine a disputed question; (2) resolve an important issue apart from the merits of the action; and (3) are effectively unreviewable on appeal from final judgment." *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009) (citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988)).  "An order compelling an attorney to continue work without compensation is just the sort of order the doctrine contemplates: it conclusively determined the withdrawal question, is unrelated to the merits, cannot be rectified after a final judgment, and may impose significant hardship." *Brandon*, 560 F.3d at 537.

We review the denial of a motion to withdraw as counsel under the abuse of discretion standard. *Id.*

**B.  Application**

Both this circuit and others taking up the issue of attorney withdrawal for failure to pay fees have turned to the rules governing professional conduct for guidance. *Id.* at 538 (collecting cases).  Here, as in *Brandon*, the pertinent rules "speak with a permissive tone." *See id.* Attorneys practicing in the United States District Court for the Western District of Michigan are subject to the Michigan Rules of Professional Conduct.  W.D. Mich. LCivR 83.1(j).  Under the Michigan Rules,

> a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> . . .
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists.

Mich. R. Prof'l Conduct 1.16(b). The rule further provides that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." *Id.* at 1.16(c). This rule mirrors the language of the corresponding ABA Model Rule of Professional Conduct. Mod. R. Prof'l Conduct 1.16(b). As with the rules in *Brandon*, "while these rules stop short of guaranteeing a right to withdraw, they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." *Brandon*, 560. F.3d at 538.

Warner Norcross met the criteria for withdrawal under the Rules. Curtis's failure to pay was a clear failure to fulfill an obligation to the firm regarding its services. And Curtis was given reasonable warning that Warner Norcross would withdraw if he did not meet his obligation: the firm explained to Curtis the consequences of proceeding pro se on September 25, when he first said he would not pay, then withdrew about two weeks later, after Curtis notified it that he would represent himself.

Nonetheless, even where counsel meets the requirements for withdrawal under the applicable rules, it is appropriate to deny a motion to withdraw under certain circumstances. *Brandon* noted that there are "several occasions when a district court ought to prohibit counsel from withdrawing" and identified two in particular: situations where counsel has engaged in "strategically-timed or coercive behavior, like waiting until a client is 'over a barrel' before demanding payment" and situations where withdrawal "would work severe prejudice on the client or third parties." *Id.* at 538. There is no indication that Warner Norcross's withdrawal was "strategically-timed." The record indicates that the firm discussed withdrawal with Curtis as

soon as he mentioned that he would not pay, and attempted to withdraw two weeks later when Curtis confirmed that he would not pay and would instead represent himself. Here, the parties focus on the second scenario that *Brandon* contemplates, arguing to the magistrate judge about whether withdrawal would amount to "severe prejudice" to any party.

Though Warner Norcross called the court's attention to *Brandon* and its "severe prejudice" standard when it first moved the court to withdraw as counsel, the magistrate judge's order denying that relief did not expressly address whether withdrawal would result in such prejudice. Rather, the magistrate judge found that: (1) in light of the pending "rather tight" deadlines and the court's interest in a timely and efficient administration of justice, the motion could properly be denied; (2) because Plaintiffs' complaint "involves allegations of sexual abuse of the minor plaintiffs by Curtis," it was in Plaintiffs' "best interest to have defendant Curtis represented at least through their depositions"; (3) Curtis would be prejudiced because his "incarcerated status and alleged inability to pay" made it unlikely that he would be able to retain other counsel; and (4) "if the school district defendants are successful on their motion to dismiss this case might be effectively over." The magistrate judge denied Warner Norcross's motion without prejudice to renewal "following any decision on the school district defendants' anticipated dispositive motion." The magistrate's November 17 order imposed a deadline of January 15 for completion of Plaintiffs' depositions, and February 7, 2015 for the pre-motion conference.

We do not find that the deposition deadline two months in the future and the pre-motion conference deadline three weeks after that were tight enough to warrant the denial of Warner Norcross's motion to withdraw. This court has quoted with approval a decision permitting withdrawal when the case is "clearly in the noncritical stage," as it "has not yet proceeded

beyond discovery." *Brandon*, 560 F.3d at 538 (quoting *Silva v. Perkins Mach. Co.*, 622 A.2d 443, 444 (R.I. 1993)). Though the district court noted that an attempt to withdraw when discovery deadlines were looming might have been seen as "opportunistic," *see Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002) (dictum), that is hardly the case here. Warner Norcross attempted to withdraw at its earliest opportunity, and proposed extending discovery deadlines to accommodate Curtis. Though the magistrate judge's order did push back the deadlines, it did not permit the firm to exit.

If a routine deadline two months away were sufficient to warrant denial of a firm's motion to withdraw from a case still in the discovery phase, it would be difficult to find an opportune time to withdraw absent an indefinite halt to the litigation. Discovery is followed closely by dispositive motions, settlement talks, additional pretrial procedures, then numerous trial deadlines involving experts, exhibits, witnesses, evidentiary motions, and so forth. The time at which Warner Norcross sought withdrawal here could prove in retrospect to be one of the least disruptive times in the course of the litigation.

We also fail to see how Warner Norcross's withdrawal would cause severe prejudice to Plaintiffs. It is undeniable that permitting Curtis to participate directly in their depositions is likely to cause them stress. The district court, however, has already mitigated that by allowing Curtis to be present at the depositions by video but not in person. Allowing Curtis's counsel to withdraw, moreover, would leave Plaintiffs in the position they would have found themselves had Curtis chosen at the outset to represent himself, as he had the right to do. Such a development cannot constitute the severe prejudice contemplated in *Brandon*.

It is difficult, too, to see how Warner Norcross's withdrawal would constitute severe prejudice to Curtis himself. Whether or not Curtis's decision to proceed pro se was based on

financial necessity, he does not have a right to have counsel free of charge in this civil case. And, as *Brandon* noted, the fact that withdrawal would leave a client without representation—absent something more—does not constitute severe prejudice. *Id.* at 538. We recognize that pro se litigants impose a burden on the courts and that clients are usually better off if represented by counsel. But if that alone were a sufficient basis to deny leave to withdraw, the presumption permitting withdrawal would become meaningless. Clients, moreover, would also have an incentive to stop paying attorney fees based on the assumption that the court would ultimately compel counsel to represent them anyway.

Though the magistrate judge did not describe the prejudice that would result from withdrawal as "severe," the district court found that there was prejudice "sufficient to deny the request," based primarily on timing. We do not require courts to use *Brandon's* magic words, "severe prejudice," but a denial based on prejudice to the parties must identify prejudice that upon review may be classified as severe. The prejudice identified here appears to be comparable to the inconvenience that exists in any case where counsel withdraws or where the defendant never retained counsel in the first instance.

When determining whether the prejudice to the parties is sufficiently severe to justify denial of a presumptively permissible motion to withdraw, it is appropriate to consider the level of prejudice in light of the "weighty policy reasons to allow withdrawal." *Brandon*, 560 F.3d at 538. The orders here bound the firm to represent Curtis until a ruling on an anticipated dispositive motion which was at that time likely three or more months away, even though Curtis had breached his agreement to pay. During that period, Warner Norcross would remain responsible for deposing the victims, completing discovery, and defending motion practice, without certainty that it would be released from the litigation even after rulings on the dispositive

motions. Given the insufficiency of the concerns about prejudice and the clear injury that Warner Norcross would suffer if forced to engage in substantial pro bono legal work on Curtis's behalf, we conclude that the district court abused its discretion when upholding the magistrate judge's denial of Warner Norcross's motion to withdraw as counsel.

## III. CONCLUSION

We REVERSE the district court's order denying Warner Norcross's motion to withdraw and REMAND the case to the district court for further proceedings.