# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2424

_____

Don Sanford; Noreen Sanford; Don's Crumble Beef Sandwich Shoppe, LLC, formerly known as Maid-Rite of Crossroads, LLC; Paula Quam; Donavon Quam; Detroit Lakes Maid-Rite, LLC; Scott Suhr; Roxanna Suhr; ROSCO, LLC; Randolph Shermo; Cindy Shermo; Dana Rosenberg; Evan & Dana's Maid-Rite, LLC; Evan & Dana's Maid-Rite II, LLC; Vance Skinner; Brendan Barrett; Skinner-Barrett Enterprises, Inc.; Marvin Collier; Cynthia Collier; Allison Collier; Collier Family Maid-Rite Diner, Inc.; RACI, Inc.

*Plaintiffs - Appellees*

v.

Maid-Rite Corporation; Bradley L. Burt; Tania Burt

*Defendant*s

Larkin, Hoffman, Daly & Lindgren, Ltd.

*Movant - Appellant*

------------------------------

Minnesota Defense Lawyers Association

*Amicus on Behalf of Appellant(s)*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: March 8, 2016
Filed: March 11, 2016
[Published]
_____

Before MURPHY, BEAM, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Larkin, Hoffman, Daly & Lindgren, Ltd. (Larkin) was retained to represent Maid-Rite Corporation (Maid-Rite), Bradley L. Burt, and Tania Burt in this franchise dispute. Larkin moved to withdraw as counsel after the franchisor failed to pay for its legal fees and to provide important information related to its defense. The district court denied Larkin's motion and the firm appeals. We reverse.

I.

Current and former franchisees and their owners filed this action in 2013 against franchisor Maid-Rite, its President and CEO Bradley L. Burt, and Executive Vice President Tania Burt. Plaintiffs allege that defendants made unlawful representations regarding the company's profitability that induced them into purchasing franchises and opening Maid-Rite restaurants. Plaintiffs allege losses in excess of $4 million.

Defendants retained Larkin as counsel in September 2014 and agreed to the terms of its engagement letter and general conditions of representation which explained that defendants "would be billed on a regular basis, usually monthly, for the services performed and costs incurred" and that "[i]nvoices would be payable upon receipt." Defendants also agreed that Larkin "reserve[d] the right to withdraw from this representation for good cause" which could include "failure to pay amounts billed

in a timely manner" and "failure to cooperate or follow [Larkin's] advice on a material matter."

Larkin sent invoices to defendants every month from September 2014 through January 2015. Although defendants paid the September invoice, they failed to make any subsequent payments. Larkin repeatedly advised them that the firm would seek to withdraw unless their outstanding bills were paid. Although defendants promised several times to pay the invoices, they did not and a significant unpaid balance resulted. Defendants also repeatedly failed to provide Larkin with information critical for its defense.

As a result, Larkin moved to withdraw on January 28, 2015. This was over six months prior to the close of discovery and more than one year before the earliest possible trial date. The motion was denied without prejudice on March 6, 2015 because defendants had not yet secured substitute counsel, communication had not entirely broken down, and withdrawal would delay the case. On April 16, 2015 the magistrate judge stayed discovery while the district court considered the motion. The district court affirmed on June 5, 2015, and Larkin filed this interlocutory appeal. On July 20, 2015 the firm's motion to stay pending its interlocutory appeal was granted.

II.

We have "jurisdiction of appeals from all final decisions of the district courts of the United States" under 28 U.S.C. § 1291. There are, however, a "small class" of cases which are considered "final" even though they do not end the litigation. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545–47 (1949). In order to fit within the Cohen exception, an order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).

-3-

The district court's order denying Larkin's motion to withdraw satisfies each of these three requirements. First, it conclusively determined whether the firm must continue to represent its client. Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999). Second, the withdrawal issue was "completely separate from the merits of the underlying action." Id.; see also Brandon v. Blech, 560 F.3d 536, 537 (6th Cir. 2009). Finally, the order would have been unreviewable on appeal from a final judgment because "having to go through trial is itself a loss of the right involved." Whiting, 187 F.3d at 320; see also Brandon, 560 F.3d at 537. Further, every circuit court to consider the issue has concluded that the denial of a motion to withdraw is an appropriate basis for an interlocutory appeal. See, e.g., Ohntrup v. Makina Ve Kimya Endustrisi Kurumu, 760 F.3d 290, 293 (3d Cir. 2014); Brandon, 560 F.3d at 537; Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537, 539–40 (7th Cir. 2002); Lieberman v. Polytop Corp., 2 Fed. App'x 37, 38 (1st Cir. 2001); Whiting, 187 F.3d at 320.

III.

We review a district court's denial of counsel's motion to withdraw for abuse of discretion. Allen v. United States, 590 F.3d 541, 544 (8th Cir. 2009). In cases of withdrawal for failure to pay fees, every circuit court to address the question "has looked to the rules governing professional conduct for guidance." Brandon, 560 F.3d at 538 (collecting cases). The District of Minnesota has adopted the Minnesota Rules of Professional Conduct as the standards governing lawyers who appear in its courts. D. Minn. LR 83.6(a). The Minnesota Rules of Professional Conduct provide that a lawyer may withdraw from representing a client if:

> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

Minn. R. Prof'l Conduct 1.16(b)(5)–(7). The Local Rules additionally require an attorney seeking withdrawal to "show good cause" and "notify his or her client of the motion." D. Minn. LR 83.7(c). If the requirements of these rules are satisfied, "withdrawal is presumptively appropriate." Brandon, 560 F.3d at 538; see also Whiting, 187 F.3d at 321.

Larkin met the requirements of both the Minnesota Rules of Professional Conduct and the Local Rules before seeking withdrawal. Defendants' refusal to pay was "undoubtedly a substantial failure to fulfill an obligation to the lawyer" and "supplied good cause for withdrawal." See Brandon, 560 F.3d at 538 (internal quotation marks omitted). Defendants' failure to provide the firm with important information related to their defense also failed to fulfill an obligation to the firm. Moreover, the firm had warned defendants several times that if their outstanding bills were not paid, it would be required to withdraw. Finally, the record is clear that defendants were notified of the motion to withdraw. We conclude on this record that it was presumptively appropriate for Larkin to seek withdrawal.

The presumption favoring withdrawal in similar circumstances should be disregarded, however, if it would severely prejudice the client or third parties. See Brandon, 560 F.3d at 538. Such prejudicial conduct might include "waiting until the client is over a barrel and then springing a demand for payment (perhaps enhanced payment)." Fidelity, 310 F.3d at 540. Larkin did not engage in such conduct and provided defendants with notice at least four weeks prior to filing its motion to withdraw. This was "in a quiet period before trial," over six months prior to the close of discovery, and over one year from the earliest possible trial date. See id. at 541; see also Brandon, 560 F.3d at 538 (three weeks notice to withdraw while "the case remained inactive, with no impending deadlines").

-5-

Furthermore, the record does not show severe prejudice to any third parties from the firm's withdrawal. Neither party has identified any prejudice to third parties, and the plaintiffs did not oppose Larkin's motion before the district court nor its current appeal. While the magistrate judge "correctly noted that withdrawal would leave [defendants] without counsel, this does not amount to severe prejudice" to third parties when there are no "imminent deadlines" and defendants have time to secure new counsel. See Brandon, 560 F.3d at 538. Since a corporate entity cannot proceed pro se, the magistrate judge was aware that a delay might result. Nevertheless, the plaintiffs would be entitled to default judgment against Maid-Rite if it were unable to secure substitute counsel. See Fidelity, 310 F.3d at 541. That would expedite the case, rather than delay it. See id.; Erie Molded Plastics, Inc. v. Nogah, LLC, 520 Fed. App'x 82, 85 (3rd Cir. 2013).

IV.

For these reasons the case is reversed and remanded to the district court.

_____