# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1242
_____

National Labor Relations Board

*Petitioner*

v.

Jon P. Westrum, doing business as J. Westrum Electric and JWE LLC, alter egos
and a single employer

*Respondent*

_____

National Labor Relations Board

_____

Submitted: February 15, 2019
Filed: February 22, 2019
[Unpublished]

_____

Before BENTON, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

The National Labor Relations Board (NLRB) petitions to enforce its order
adopting the decision of an administrative law judge (ALJ) finding that Jon P.

Westrum doing business as J. Westrum Electric, and JWE LLC,[1] were alter egos and a single employer, and had violated the National Labor Relations Act (NLRA); and ordering both entities to cease and desist their unlawful practices, and to take certain affirmative actions designed to effectuate the policies of the NLRA.

After consideration of the parties' submissions, this court finds that the only argument preserved for its review[2]--the claim, asserted as an affirmative defense, that the grievance the International Brotherhood of Electrical Workers Local 292 brought against the entities was not timely filed as required by the statute of limitations contained in section 10(b) of the NLRA, codified at 29 U.S.C. § 160(b) (prescribing 6-month limitations period for filing grievance after notice of NLRA violation)--fails because it is dependent upon the discredited testimony of Jon Westrum. See NLRB v. Monark Boat Co., 800 F.2d 191, 193 (8th Cir. 1986) (this court will not overturn NLRB findings that are based on credibility determinations, unless those findings shock its conscience). This court further finds that substantial evidence, including testimony which the ALJ credited, supports the NLRB's determination that the business entities failed to meet their burden of proving that the local's grievance was not filed within six months of the businesses' repudiation of their relationship with

---

[1]On June 6, 2018, this court notified respondent JWE LLC that, unless a motion to file its brief out of time was filed by counsel, the entity would be barred from filing a brief or participating in this matter. JWE LLC failed to respond to, or comply with, the order, and thus was barred from filing a brief or participating in this matter. (8th Cir. Docket 04/06/18, 06/06/18, 06/22/18, 08/17/18, 08/23/18.) Accordingly, NLRB is entitled to summary enforcement of the order against JWE LLC. See Sanford v. Maid-Rite Corp., 816 F.3d 546, 550 (8th Cir. 2016) (corporate entity cannot proceed pro se); cf. Trafford Distrib. Ctr. v. NLRB, 478 F.3d 172, 182 (3d Cir. 2007) (granting petition for enforcement against entity that failed to answer cross-petition for enforcement of NLRB order).

[2]See 29 U.S.C. § 160(e) ("[n]o objection that has not been urged before the [NLRB] . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances").

the National Electrical Contractors Association and Local 292.  See NLRB v. La-Z-Boy Midwest, 390 F.3d 1054, 1061 n.1 (8th Cir. 2004) (6-month limitations period of § 160(b) does not begin to run until charging party has clear and unequivocal notice of violation of NLRA); NLRB v. Cornerstone Builders, Inc., 963 F.2d 1075, 1076-77 (8th Cir. 1992) ("The NLRB's findings of fact will be accepted as long as they are supported by substantial evidence on the record as a whole."); Positive Elec. Enters., Inc., 345 NLRB 915, 918 (2005) (§ 10(b) allegation is an affirmative defense, and party relying on it has burden of establishing that notice of violation outside limitations period was clear and unequivocal).  The petition to enforce the NLRB's order is granted.  See 8th Cir. R. 47B.

_____